1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10

JAN BUTLER,

Plaintiff,

CASE NO.     C06-5373FDB

11

12

v.

REPORT AND
RECOMMENDATION

13

JO ANNE B. BARNHART,
Commissioner of Social Security,

Noted for March 2, 2007

14

Defendant.

15

16        This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. §

17   636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W.

18   v. Weber, 423 U.S. 261 (1976).  This matter has been fully briefed.  The parties agree the matter should be

19   remanded for further review.  Defendant argues the ALJ made certain errors, requiring only review of

20   those issue on remand, and Plaintiff argues the errors made make it necessary to remand the matter for

21   complete reconsideration by a different ALJ.  After reviewing the record, the undersigned recommends that

22   the Court remand the matter for further proceedings with another ALJ assigned to the matter.

23                                  FACTUAL AND PROCEDURAL HISTORY

24        Plaintiff, Jan Butler, (Plaintiff), was born in 1951.  She has a high school education, and vocational

25   training as a truck driver.  She has past work experience as a grant coordinator/writer, a housing

26   survey/researcher, a bus driver, and a customer service clerk.  Plaintiff has alleged disability since May 1,

27   1998, due to a combination of physical and mental impairments, including migraine headaches,

28   depression, back pain, sleep apnea, chest pressure, palpitations, neck pain, and arthritis in her hands and

1  hips. (Tr. 77, 83).

2      Plaintiff filed an application for Social Security Disability benefits in November 1998, which was

3  initially denied in May 1999. (Tr. 20). She filed a second application for benefits on August 28, 2002. (Tr.

4  20, 77-79). This claim was denied at the initial and reconsideration levels, and on July 10, 2003 she

5  requested a hearing. (Tr. 47). Her hearing was held on April 8, 2005.  On July 28, 2005 Administrative

6  Law Judge ("ALJ") issued a partially favorable decision, finding that Ms. Butler's impairments prevented

7  her from sustaining any work on and after December 10, 2002, but that prior to that date she could have

8  worked as a folder, general clerk, or mail clerk.  The ALJ declined to reopen Ms. Butler's November 1998

9  claim. (Tr. 16-32). The Appeals Council denied Ms. Butler's request for review on June 16, 2006, leaving

10 the ALJ's decision as the final decision of the Commissioner. (Tr. 8-10).

11     Plaintiff filed the instant complaint for judicial review on or about July 3, 2006, and in her opening

12 brief, plaintiff argued the ALJ's decision was not properly supported by substantial evidence and not free

13 of any legal error.  Plaintiff raised several issues regarding the validity of the ALJ's decision.  In response

14 to plaintiff's opening brief and arguments made therein, defendant conceded the ALJ erred in making his

15 decision.  Defendant specifically concedes that the ALJ erred in considering the following issues: (i) the

16 ALJ failed to properly address Ms. Butler's Personality Disorder; (ii) the ALJ failed to provide a

17 legitimate medical basis for the inferred onset date; (iii) the ALJ's unfairly restricted Plaintiff's questioning

18 of the medical expert/adviser, Dr. Slater, at the hearing; (iv) the ALJ made incorrect assertions in his

19 credibility determination; and (v) the ALJ's needs to address Plaintiff's ability to stand and walk in a more

20 specific manner in regard to her residual functional capacity.  As noted above, the parties agree that

21 remand for further proceedings is the appropriate remedy in this case.

22                                    DISCUSSION

23     Remand is appropriate where additional administrative proceedings could remedy defects. Id.; Bilby

24 v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (citing Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir.

25 1984)).  In her reply to Defendant's concession that remand is the appropriate remedy in this case, Plaintiff

26 agrees, but also requests that  the matter be assigned to a different ALJ when it is reconsidered at the

27 administrative level.

28     Plaintiff does not reference or cite any authority for the request to have the matter assigned to a

different ALJ, and the court's review of case law in the Ninth Circuit does not reveal any directly applicable standards. The issue has been considered by other appellate courts. The selection of a new ALJ on remand has been considered to be within the discretion of the Commissioner of the Social Security Administration. Hartnett v. Apfel, 21 F.Supp.2d 217, 222 (E.D.N.Y.1998) (*citing* Travis v. Sullivan, 985 F.2d 919, 924 (7th Cir.1993)) ( "As a general matter, courts have held that whether a case is remanded to a different ALJ is a decision for the Commissioner to make." ). There have been several instances, however, in which courts (including this court) have ordered or recommend that the Commissioner assign a case to a different ALJ on remand. In Kolodnay v. Schweiker, 680 F.2d 878, 879-80 (2d Cir.1982), the court remanded to a new ALJ because the original ALJ had failed to adequately consider the medical evidence. See also, Miles v. Chater, 84 F.3d 1397, 1401 (11th Cir.1996) (remanding to a new ALJ because of the original ALJ's failure to support his findings with evidence reflected that "the process was compromised." ); Ventura v. Shalala, 55 F.3d 900, 904 (3d Cir.1995) (remanding to a new ALJ because of original ALJ's offensive conduct).

Remand to a different ALJ is based on the premise that impartiality of the ALJ is "integral to the integrity of the [disability review process]. " Miles, 84 F.3d at 1401 (internal citations omitted). The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) Remand to a new ALJ is necessary in those situations which compromise that integrity. Specifically, when the conduct of an ALJ gives rise to serious concerns about the fundamental fairness of the disability review process, remand to a new ALJ is appropriate. Factors for consideration in this determination include: (1) a clear indication that the ALJ will not apply the appropriate legal standard on remand ; (2) a clearly manifested bias or inappropriate hostility toward any party; (3) a clearly apparent refusal to consider portions of the testimony or evidence favorable to a party, due to apparent hostility to that party; (4) a refusal to weigh or consider evidence with impartiality, due to apparent hostility to any party. Sutherland v. Barnhart, 322 F.Supp.2d 282, (E.D. NY 2004); see also 20 C.F.R. § 404.940.,

Here, the conduct of the ALJ warrants remand to a new ALJ. Similar to Southerland, *supra*, the ALJ resisted plaintiff's attorney's attempts to fully question the medical expert at the administrative hearing. As noted by Plaintiff in her reply brief, the medical expert testified that he agreed with the

1   examining specialist that Ms. Butler had a "marked" degree of impairment in a key work-related activity,

2   but when Plaintiff's attorney asked the expert for his opinion regarding onset of this "marked" degree of

3   impairment, the ALJ interrupted and rephrased the question, asking Dr. Slater to only refer to the record.

4   (Tr. 567). By doing so, the ALJ prevented Dr. Slater from stating his opinion based on his expertise and

5   the evidence of record.  Plaintiff's attorney further asked the expert to refer to relevant psychological

6   reports, but the ALJ further interrupted, refusing to allow the expert to consider medical evidence that

7   demonstrated the onset of Ms. Butler's mental illness and her need for significant formal vocational

8   accommodations to get and keep her job. (Tr. 487-523).  This failure to allow the record to be fully

9   developed raises the concern about the fundamental fairness of the earlier proceedings. Therefore, it is

10  appropriate to remand the matter a different ALJ.

11                                         CONCLUSION

12          Based on the foregoing, the undersigned recommends that the Court REMAND the matter to the

13  administration with the direction that the Commissioner assign a new ALJ.   On remand the new ALJ shall

14  review the record and determine an appropriate onset date for Plaintiff's disability.  The ALJ may also

15  consider whether or not Plaintiff's previous application for benefits should be reopened.

16          Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the

17  parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P.

18  6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v.

19  Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to

20  set the matter for consideration on **March 2, 2006**, as noted in the caption.

21          DATED this 9th day of February, 2007.

22                                         /s/ J. Kelley Arnold_____
                                           J. Kelley Arnold
23                                         U.S. Magistrate Judge

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 4